**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **TYLER KEUP,** | ) | **8:15CV113** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **MATT PHILLIPS, ROBERT LINDEMEIER, JEFF MEYER, JOHN DOES, and JANE DOES,** | ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Tyler Keup ("Keup") filed his Complaint (Filing No. 1) in this matter on April 13, 2015. This court has given Keup leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of Keup's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Keup is incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. His claims are based on incidents that occurred during state criminal proceedings in the District Court of Lincoln County, Nebraska ("state district court"). He asserts Fourth and Fourteenth Amendment claims and conspiracy claims against Defendants. Defendants are sued in their individual capacities only (Filing No. 1 at CM/ECF p. 3), and Keup raised only federal-law claims in his Complaint (Filing No. 1 at CM/ECF p. 10).

Keup alleged government officials arrested and charged him with first-degree murder, use of a weapon to commit a felony, and felon in possession of a firearm on August 5, 2000. A jury later found him guilty of second-degree murder, use of a weapon to commit a felony, and felon in possession of a firearm. A state district court sentenced Keup to 30 to 60 years' imprisonment. (Filing No. 1 at CM/ECF p. 3.)

On May 31, 2011, the state district court granted Keup's motion for postconviction relief in part by setting aside Keup's second-degree murder conviction and finding him guilty of manslaughter. (Filing No. 1 at CM/ECF p. 3.) Specifically, the state district court determined Keup's trial counsel had been ineffective during the criminal proceedings because he failed to call witnesses to testify about Keup's ability to form the intent necessary to commit second-degree murder. (Filing No. 1 at CM/ECF pp. 103-105.) On June 29, 2011, the court re-sentenced Keup to 20 years' imprisonment, which resulted in Keup's release from prison on June 30, 2011. (Filing No. 1 at CM/ECF pp. 3-4.)

Keup named Matt Phillips, Robert Lindemeier, and Jeff Meyer as Defendants. He also named unknown county court officials as "John and Jane Doe Defendants." (Filing No. 1 at CM/ECF pp. 1-2.) Keup alleged Phillips, an investigator with the North Platte Police Department, violated Keup's Fourth Amendment rights when he searched and seized a notebook during a search of Keup's residence. The notebook contained evidence used against Keup at his murder trial. Keup alleged the seizure of the notebook was unlawful because it fell outside the scope of the search warrant authorizing Phillips to search Keup's residence. Keup also alleged Phillips testified falsely when he suggested the notebook was in plain view when he searched the residence. (Filing No. 1 at CM/ECF p. 5.)

Keup alleged Lindemeier, his public defender, failed to effectively represent his interests during the criminal proceedings and on appeal. Keup alleged Lindemeier's actions and inactions at trial reflect that Lindemeier's "loyalties" were with the prosecuting authorities and police investigators, and that Lindemeier conspired with government officials to violate Keup's constitutional rights. (Filing No. 1 at CM/ECF pp. 5-7, 9.)

Keup alleged Meyer, the prosecutor in the criminal proceedings, committed prosecutorial misconduct when he "capitalize[d]" on Phillips's "perjured testimony" during closing arguments. In addition, Keup alleged Meyer insinuated Keup made false statements regarding his use of marijuana. (Filing No. 1 at CM/ECF p. 6.)

Finally, Keup alleged the John and Jane Doe Defendants "fraudulently altered county court records in an effort to cover up the fact that [Keup] never waived his right to transfer to juvenile court." (Filing No. 1 at CM/ECF p. 4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Keup alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A.  Fourth Amendment**

The issue here is whether Keup's Fourth Amendment claim is barred by the principle of collateral estoppel. Here, the court takes judicial notice of the Nebraska Supreme Court's decision in *State v. Keup*, 655 N.W.2d 25 (Neb. 2003).

Collateral estoppel, or issue preclusion, applies when a § 1983 plaintiff attempts to relitigate in federal court issues that were decided against him in a state criminal proceeding. *Allen v. McCurry*, 449 U.S. 90, 103-04 (1980); *see also Munz v. Parr*, 972 F.2d 971, 973 (8th Cir. 1992) (stating that "collateral estoppel applies to section 1983 actions involving alleged Fourth Amendment violations"); *Simmons v. O'Brien*, 77 F.3d

1093, 1096 (8th Cir. 1996) ("When a federal constitutional issue is previously decided in a state criminal proceeding following a full and fair hearing, issue preclusion will [] bar relitigation of that issue in a § 1983 action.").

This court must give a state court judgment the same preclusive effect it would be given under the law of the state where it was rendered. 28 U.S.C. § 1738; *W.F.M., Inc. v. Cherry Cnty.*, 279 F.3d 640, 643 (8th Cir. 2002). The following elements are required for collateral estoppel to apply under Nebraska law: (1) the identical issue was decided in a prior action, (2) there was a judgment on the merits that was final, (3) the party against whom the rule is applied was a party or in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Cunningham v. Prime Mover, Inc.*, 567 N.W.2d 178, 181 (Neb. 1997).

Here, Keup argues Philips violated his constitutional rights when he searched and seized a notebook during a search of Keup's residence. Keup argues the seizure of the notebook was unlawful because it fell outside the scope of the search warrant authorizing Phillips to search Keup's residence. (Filing No. 1 at CM/ECF p. 5.) The Nebraska Supreme Court addressed and rejected this claim. The court determined the notebook at issue fell within the plain-view exception to the warrant requirement of the state and federal Constitutions. *Keup*, 655 N.W.2d at 33.

All four elements required for collateral estoppel are met here. That is, Keup raised an identical argument in his state criminal proceedings, the Nebraska Supreme Court entered judgment against him on the issue, and he had an opportunity to fully and fairly litigate the issue in the state criminal proceedings. The Nebraska Supreme Court's adjudication of the Fourth Amendment issue was not called into question by the state

5

district court's order setting aside Keup's second-degree murder conviction. Thus, Keup's Fourth Amendment claim is barred by principles of collateral estoppel.

To the extent Keup argues Phillips committed perjury when he testified concerning the search and seizure of the notebook, Phillips is entitled to absolute witness immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 331-32 (1983) (holding testifying witnesses are entitled to absolute immunity); *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992) (allegations that prosecutor conspired with witness to give false testimony do not defeat immunity).

### B. Remaining Defendants

#### 1. Robert Lindemeier

The crux of Keup's argument with respect to Lindemeier is that he was ineffective in his representation of him and conspired with other Defendants to violate Keup's constitutional rights.

Section 1983 specifically provides a cause of action against a person who, under color of state law, violates another's federal rights. *West*, 487 U.S. at 48. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Id.* at 322, n. 13. However, a § 1983 claim may be brought against a public defender, or any other private individual, if he or she conspires with a state actor to deprive

an individual of a federally-protected right. *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (citing *Tower v. Glover*, 437 U.S. 914, 923 (1984)).

Keup offered only general and conclusory allegations that Lindemeier and others were involved in some type of conspiracy against him. Bare and conclusory allegations of conspiracy fail to state a plausible claim for relief. *See Twombly*, 550 U.S. at 556-57 ("[A] bare assertion of conspiracy will not suffice. Without more, . . . a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."); *Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988) ("The principal elements of conspiracy are an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage . . . A plaintiff must allege with sufficient particularity and demonstrate with specific material facts that the parties reached some agreement and conspired together to deprive plaintiff of a federal right.") (internal citation and quotation marks omitted).

On the court's own motion, the court will allow Keup to file an amended complaint that sufficiently alleges a conspiracy claim against Lindemeier and any others involved in the alleged conspiracy.

### 2. Jeff Meyer

Keup alleged Jeff Meyer committed prosecutorial misconduct when he "capitalize[d]" on "perjured testimony" during closing arguments. In addition, Keup alleged Meyer insinuated Keup made false statements concerning his use of marijuana. (Filing No. 1 at CM/ECF p. 6.)

Keup's claims against Meyer must be dismissed because prosecutors "are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (internal quotation marks and citation omitted). Absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* Allegations that a prosecutor presented false testimony or withheld evidence do not defeat prosecutorial immunity. *See Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (overruled on other grounds). *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986) (holding that a prosecutor's alleged "use of perjured testimony and the non-disclosure of exculpatory information are certainly entitled to absolute immunity.").

       **3.**     **Unknown Court Officials (John and Jane Doe Defendants**)

Keup argues various court officials "fraudulently altered county court records in an effort to cover up the fact that [Keup] never waived his right to transfer to juvenile court." (Filing No. 1 at CM/ECF p. 4.) Keup claims these actions violated his right to a fair trial and his right to procedural due process.

Keup's allegations do not provide factual support sufficient to establish a "plausible" claim against the John and Jane Doe Defendants. Keup's conclusory and factually unsupported allegations do not explain how the John and Jane Doe Defendants prejudiced Keup's right to a fair trial or deprived him of procedural due process. On the court's own motion, the court will allow Keup to file an amended complaint that sufficiently alleges a claim for relief against the John and Jane Doe Defendants.

### IV. MOTION TO APPOINT COUNSEL

Keup seeks the appointment of counsel. However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion. Accordingly,

IT IS ORDERED:

1. Keup is given 30 days in which to file an amended complaint in accordance with this Memorandum and Order. The amended complaint will supersede Keup's Complaint (Filing No. 1). Keup is encouraged to use the court-approved form to draft his amended complaint, which the clerk of the court will provide to him. Keup must clearly designate on the face of the document that it is his "Amended Complaint" in this case. Keup's failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Keup.

2. Keup's Motion to Appoint Counsel (Filing No. 10) is denied without prejudice.

3. The clerk of the court is directed to send to Keup a blank civil complaint form. In addition, the clerk of the court is directed to set a pro se case management deadline in this matter: **September 21, 2015**: Check for amended complaint.

4. To avoid confusion, any document Keup sends to the clerk of the court for filing in this case must clearly display the case number.

DATED this 24th day of August, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge