# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYLER KEUP, | ) | 8:15CV113 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JOHN DOES, and JANE DOES, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on review of Tyler Keup's Amended Complaint (Filing No. 15) filed on October 9, 2015. For the reasons that follow, the Court will require Keup to show cause for why his claims against the John and Jane Doe Defendants should not be dismissed as untimely under the applicable statute of limitations. *See Anderson v. United Transp. Union*, No. 4:09-CV-00136-WRW, 2009 WL 529920, at * 1 (E. D. Ark. Mar. 2, 2009) (collecting cases) ("[A] court may [] *sua sponte* dismiss a complaint, before service, when an affirmative defense, such as the statute of limitations, is obvious from the complaint.").

When construed liberally, Plaintiff's Amended Complaint is a civil rights action brought pursuant to 42 U.S.C. § 1983 for violations of the Due Process Clause of the Fourteenth Amendment. "Section 1983 does not supply its own statute of limitations; instead, [the court] borrow[s] the statute of limitations from state law." *Mountain Home Flight Serv. Inc. v. Baxter Cnty., Arkansas*, 758 F.3d 1038, 1044 (8th Cir. 2014). Under Nebraska law, the applicable statute of limitations for this action is four years. *See* Neb. Rev. Stat. § 25-207; *Bridgeman v. Nebraska State Penitentiary*, 849 F.2d 1076, 1077 (8th Cir. 1988).

Keup's allegations and the records attached to his Amended Complaint suggest that he filed this action beyond the four-year statute of limitations. Keup set forth in his Amended Complaint that the John and Jane Doe Defendants are employees of a state district court clerk's office. He claims these defendants falsified court records during his state criminal proceedings. Keup did not specify when these alleged acts occurred, but his allegations reflect that he knew about them as early as May 1, 2008, which is approximately seven years before he filed this case. (*See* Filing No. 15 at ECF 3–4, 13–14.) Therefore, absent equitable tolling of the limitations period, Keup's action is untimely under the applicable statute of limitations. The Court will require him to show cause for why this action should not be dismissed as untimely. Accordingly,

IT IS ORDERED:

1. Within 30 days, Keup must file a response with the Court in which he shows cause for why his claims against the John and Jane Doe Defendants should not be dismissed as untimely under the applicable statute of limitations. Absent a showing of good cause, this case will be dismissed.

2. The clerk of the court is directed to set the following pro se case management deadline in this matter: February 23, 2016: check for Keup's response.

DATED this 22nd day of January, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge