IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYLER KEUP, | )
   Plaintiff,     8:15CV113
   V.
   JOHN AND/OR JANE DOE(S),     **MEMORANDUM**
   Being Sued in Both Their Personal     **AND ORDER**
   And Official Capacities,
   Defendant. | |

This matter is before the court on review of Plaintiff's Amended Complaint. (Filing No. 15.) For the reasons set forth below, this action will be dismissed.

**BACKGROUND**

Plaintiff instituted this action on April 13, 2015, alleging Fourth and Fourteenth Amendment claims and conspiracy claims against multiple defendants, including Matt Phillips, Robert Lindemeier, Jeff Meyer, and unknown county court officials "John and Jane Doe." (Filing No. 1.) Plaintiff's claims were based on incidents that occurred during state criminal proceedings in the District Court of Lincoln County, Nebraska.

Plaintiff alleged government officials arrested and charged him with first-degree murder, use of a weapon to commit a felony, and felon in possession of a firearm on August 5, 2000. He was later found guilty of second-degree murder, use of a weapon to commit a felony, and felon in possession of a firearm. Plaintiff was sentenced to 30 to 60 years' imprisonment.

On May 31, 2011, the state district court granted Plaintiff's motion for postconviction relief, in part, by setting aside Plaintiff's second-degree murder conviction and finding him guilty of manslaughter. The state district court determined Plaintiff's trial counsel had been ineffective during the criminal proceedings because he failed to call witnesses to testify about Plaintiff's ability to form the intent necessary to commit second-degree murder. On June 29, 2011, the court re-sentenced Plaintiff to 20 years' imprisonment, which resulted in Plaintiff's release from prison on June 30, 2011.

This court conducted an initial review of Plaintiff's Complaint on August 24, 2015. (Filing No. 11.) Upon initial review, the court, taking judicial notice of the Nebraska Supreme Court's decision in *State v. Keup*, 265 Neb. 96, 655 N.W.2d 25 (2003), found that Plaintiff's Complaint failed to state a claim. (Filing No. 11.) However, the court granted Plaintiff leave to file an amended complaint. Plaintiff was advised that any amended complaint would supersede his initial Complaint.

Plaintiff filed his Amended Complaint on October 9, 2015. (Filing No. 15.) The Amended Complaint only names "John and/or Jane Doe(s)" as Defendants, and alleges that these individuals "fraudulently altered county court records in an effort to cover up the fact that [Plaintiff] never waived [his] right to transfer to juvenile court." (Filing No. 15 at CM/ECF p. 2.) Plaintiff claims that Defendants' actions prevented him from being tried as a juvenile. (Filing No. 15 at CM/ECF p. 5.) Plaintiff asserts that his conviction has been used against him since his release from custody.

The Amended Complaint suggests that Plaintiff was aware of the alleged falsification of records since at least 2008. (Filing No. 15 at CM/ECF p. 4.) Therefore, on January 22, 2016, the court directed Plaintiff to show cause why this action should not be dismissed as barred by the statute of limitations. (Filing No. 19.) Plaintiff filed his response on March 21, 2016, asserting that his action is timely because the four-year statute of limitations did not begin to run until May 31, 2011,

2

when he received a favorable outcome on his postconviction motion. (Filing No. 25.)

## DISCUSSION

Plaintiff claims that "[u]nknown court officials fraudulently altered county court records in an effort to cover up the fact that [he] never waived [his] right to transfer to juvenile court." (Filing No. 15 at CM/ECF p. 2.) In purported support of his allegations, Plaintiff attached two pages of county court records to his Amended Complaint. The first is a form document dated August 9, 2000, titled "Misdemeanor Arraignment/Bond Setting/Judgment." The document includes handwritten notations that Plaintiff's parents were present for his arraignment and that the court appointed a public defender to represent Plaintiff. (Filing No. 15 at CM/ECF p. 11.) Although the document includes a section for indicating whether a request for transfer to juvenile court was waived, the section was not filled out. The second document, dated August 16, 2000, is titled "Preliminary Hearing and Order." (Filing No. 15 at CM/ECF p. 12.) This document contains a notation stating that Plaintiff waived his right to request transfer to juvenile court.

Assuming for purposes of this Memorandum and Order that Plaintiff's claims are not time barred, Plaintiff's allegations against the unknown court officials fail to state a claim. In Nebraska, a juvenile accused of a criminal offense may move the county or district court to waive jurisdiction to the juvenile court for further proceedings. Neb. Rev. Stat. § 29-1816. Thus, even if the court records were altered to reflect that Plaintiff had, at the time of his arraignment or preliminary hearing, waived his right to request a transfer to juvenile court, this does not mean that Plaintiff was precluded from later seeking such a transfer pursuant to Neb. Rev. Stat. § 29-1816. In other words, any changes to these documents had no bearing on whether Plaintiff could seek a transfer to juvenile court.

Plaintiff has also filed a "Motion for Reinstatement of Initial Suit." (Filing No. 26.) Liberally construed, Plaintiff seeks to have his Amended Complaint construed

as supplemental to his initial Complaint. This request will be denied. At the time Plaintiff was ordered to file an amended complaint, he was advised that the amended pleading would supersede, rather than supplement, his Complaint. (Filing No. 11.) Plaintiff has not identified a reasonable basis for treating his Amended Complaint as a supplemental pleading at this time.

IT IS ORDERED:

1. Plaintiff's claims against the John and Jane Doe defendants are dismissed with prejudice. This case, as to any remaining defendants, if any, are dismissed without prejudice.

2. Judgment will be entered by separate document.

3. Plaintiff's Motion for Reinstatement of Initial Suit (Filing No. 26) is denied.

DATED this 20th day of October, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge